IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| PLUM LABORATORIES, INC., </br></br> Plaintiff, </br></br> v. </br></br> RCN COMMUNICATIONS, LLC </br> d/b/a RCN TECHNOLOGIES and RTECH </br> SOLUTIONS, LLC, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. </br> ) </br> ) </br> ) JURY TRIAL DEMANDED </br> ) </br> ) </br> ) |

## COMPLAINT

Plaintiff Plum Laboratories, Inc. ("Plum Labs" or "Plaintiff"), by and through its counsel of record, pursuant to Rules 7(a) and 8(a) of the Federal Rules of Civil Procedure, brings this Complaint for patent infringement, seeking injunctive relief and damages, against RCN Communications, LLC d/b/a RCN Technologies and their affiliates and subsidiaries (collectively "RCN Technologies") and RTech Solutions, LLC ("RTech") (collectively, "RCN" or "Defendants"), and states and alleges as follows:

## INTRODUCTION

1. Plaintiff Plum Labs is a developer and manufacturer of high-quality portable data communications products.

2. These data communications products are covered by a number of patents, including U.S. Patent No. 10,003,124 (the "'124 Patent"), U.S. Patent No. 10,381,714 (the "'714 Patent"); U.S. Patent No. 10,249,938 (the "'938 Patent"); and U.S. Patent No. 10,651,545 (the "'545 Patent") (collectively, the "Asserted Patents").

3. The former owner of Plum Labs, Dawson Lee Williams, invented these data communications products as claimed in the Asserted Patents.

4. The Asserted Patents are owned by Plum Labs.

5. Plum Labs commercialized the data communications products and sells them under the "Plum Case" and "Plum" brand name.

6. On information and belief, RCN markets, distributes, and sells the Infringing Products (as that term is defined below), which infringe Plaintiff's rights in the Asserted Patents.

7. Plaintiff has no complete, adequate remedy at law and will suffer substantial and irreparable harm unless RCN is enjoined from infringing Plaintiff's Asserted Patents. Plaintiff therefore seeks a preliminary and permanent injunction preventing RCN from infringing the Asserted Patents.

8. Plaintiff also has suffered and will continue to suffer damages as a result of RCN's misconduct. Plaintiff therefore seeks damages in an amount to be determined at trial for RCN's infringement of the Asserted Patents.

## NATURE OF THE ACTION

9. This is an action by Plum Labs for RCN's infringement of the '124 Patent, the '714 Patent, the '938 Patent, and the '545 Patent under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## PARTIES

10. Plum Labs is incorporated under the laws of the State of Delaware with its principal place of business in North Carolina.

11. On information and belief, RCN Technologies is a Tennessee limited liability company having a principal place of business of 200 Jennings Ave, Knoxville, Tennessee 37917. RCN Technologies is registered to do business in the State of Tennessee.

12. On information and belief, RTech is a Tennessee limited liability company having a principal place of business of 200 Jennings Ave, Knoxville, Tennessee 37917. RTech is registered to do business in the State of Tennessee.

13. On information and belief, Defendants are in the business of providing integrated wireless and full-service connectivity solutions.

14. On information and belief, Defendants conduct business and manufacture, distribute, and/or sell products within the Eastern District of Tennessee and throughout the United States.

## JURISDICTION AND VENUE

15. This is an action arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over RCN Technologies. RCN Technologies is a Tennessee limited liability company with its principal place of business in Knoxville, Tennessee. In addition, RCN Technologies engages in commerce within the state of Tennessee and specifically within this jurisdiction and has substantial and continuous contacts within the state of Tennessee and specifically within this judicial district. In particular, upon information and belief, RCN Technologies markets, offers for sale, sells, distributes, and induces customers to use products covered by the Asserted Patents in the state of Tennessee and specifically in this jurisdiction through store and business to business sales within the state of Tennessee and within

this jurisdiction and through internet direct sales. Upon information and belief, RCN Technologies directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in the state of Tennessee and within this judicial district by, among other things, making, using, importing, offering for sale, and/or selling products that infringe the Asserted Patents.

17. This Court has personal jurisdiction over RTech. RTech is a Tennessee limited liability company with its principal place of business in Knoxville, Tennessee. In addition, RTech engages in commerce within the state of Tennessee and specifically within this jurisdiction and has substantial and continuous contacts within the state of Tennessee and specifically within this judicial district. In particular, upon information and belief, RTech markets, offers for sale, sells, distributes, and induces customers to use products covered by the Asserted Patents in the state of Tennessee and specifically in this jurisdiction through store and business to business sales within the state of Tennessee and within this jurisdiction and through internet direct sales. Upon information and belief, RTech directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in the state of Tennessee and within this judicial district by, among other things, making, using, importing, offering for sale, and/or selling products that infringe the Asserted Patents.

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b) because RCN Technologies and RTech reside in the Eastern District of Tennessee and have a permanent and continuous presence in, have committed acts of infringement in, and maintain a regular and established place of business within the Eastern District of Tennessee. Upon information and belief, RCN Technologies and RTech have committed acts of direct and/or indirect infringement in this judicial district, including purposefully transacting business involving

the Infringing Products in this judicial district such as by sales to one or more customers in the State of Tennessee, including in the Eastern District of Tennessee, and maintain regular and established places of business in this judicial district.

## FACTUAL BACKGROUND

### The '124 Patent

19. On June 19, 2018, the United States Patent and Trademark Office duly and legally issued the '124 Patent, entitled "Data Communications Case Having An Internal Antenna Array," which names Dawson Lee Williams as the inventor. A true and correct copy of the '124 Patent is attached as Exhibit 1.

20. The '124 Patent is valid and enforceable.

21. The '124 Patent claims, among other things:

> 1. A data communications apparatus for providing a data communications network, the apparatus comprising:
>
>> a brief case style portable carrying case having a base, a lid connectable to the base, and a handle connected to the base, the lid movable with respect to the base between an open position and a closed position, the case having an inner surface;
>>
>> a power supply secured inside the case;
>>
>> a router device secured inside the case, the router device configured to enable two or more segmented, wireless networks, each wireless network having a separate service set identifier (SSID), wherein each SSID can accommodate multiple users;
>>
>> an antenna array in electrical communication with the router device, the antenna array including at least a first pair of cellular antennas and at least two wireless networking antennas, each antenna of the antenna array secured inside the case; and
>>
>> wherein when the lid is in a closed position, the case encloses the router device, the power supply, and the antenna array.

*See* Ex. 1, Col. 14, lines 12–32.

## The '714 Patent

22. On August 13, 2019, the United States Patent and Trademark Office duly and legally issued the '714 Patent, entitled "Data Communications Case," which names Dawson Lee Williams as the inventor. A true and correct copy of the '714 Patent is attached as Exhibit 2.

23. The '714 Patent is valid and enforceable.

24. The '714 Patent claims, among other things:

> 1. A data communications apparatus comprising:
>
>> a brief case style portable carrying case having a length, width, and a depth, the length having the largest dimension;
>>
>> a power supply securable inside the case;
>>
>> a router device securable inside the case, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable at least one wireless network for local area network communication, the at least one wireless network having a service set identifier (SSID), wherein the SSID can accommodate multiple users; and
>>
>> an antenna array in electrical communication with the router device, the antenna array including at least a first pair of cellular antennas and at least two wireless networking antennas;
>>
>> wherein the first pair of cellular antennas are configured to support multiple input multiple output applications for the at least one cellular gateway, and the at least two wireless networking antennas are configured to support multiple input multiple output applications for the at least one wireless network.

*See* Ex. 2, Col. 14, lines 21–42.

> 16. A data communications apparatus for providing a data communications network, the apparatus comprising:
>
>> a brief case style portable carrying case having a base and a lid, as well as a length, width, and a depth, the length having the largest dimension;
>>
>> a power supply securable inside the case;

> a router device securable inside the case, the router device selectively receiving power from the power supply, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable two or more segmented, wireless networks for local area network communication, each wireless network having a separate service set identifier (SSID), wherein each SSID can accommodate multiple users; and
>
> an antenna array in electrical communication with the router device, the antenna array including at least two cellular antennas and two wireless networking antennas;
>
> wherein the first pair of cellular antennas are configured to support multiple input multiple output applications for the at least one cellular gateway, and the at least two wireless networking antennas are configured to support multiple input multiple output applications for the two or more segmented, wireless networks.

*See id.* at Col. 16, lines 11–35.

**The '938 Patent**

25. On April 2, 2019, the United States Patent and Trademark Office duly and legally issued the '938 Patent, entitled "Data Communications Case Having An Internal Antenna Array," which names Dawson Lee Williams as the inventor. A true and correct copy of the '938 Patent is attached as Exhibit 3.

26. The '938 Patent is valid and enforceable.

27. The '938 Patent claims, among other things:

> 1. A data communications apparatus for providing a data communications network, the apparatus comprising:
>
>> a brief case style portable carrying case having a base, a lid, and an external length, width, and depth, the length having the largest dimension, the length being between about 15 inches and about 22 inches;
>>
>> a power supply securable inside the case;
>>
>> a router device securable inside the case, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable a wireless network for local area network

communication, the wireless network able to accommodate up to 32 simultaneous users; and

an antenna array in electrical communication with the router device, the antenna array including a plurality of isolated antenna elements all enclosed within an antenna housing, the antenna housing secured within the case, the plurality of antenna elements including at least a first pair of cellular antenna elements and at least two wireless networking antenna elements;

wherein the first pair of cellular antenna elements are configured to support multiple input multiple output applications for the at least one cellular gateway, and the at least two wireless networking antenna elements are configured to support multiple input multiple output applications for the two or more segmented, wireless networks, and

wherein the power supply, router device, and antenna array are all enclosed within the case when the base and the lid are in a closed position.

*See* Ex. 3, pg. 8.

12. A data communications apparatus for providing a data communications network, the apparatus comprising:

a suit case style portable carrying case having an external length, width, and depth, the length having the largest dimension, the length being between about 16 inches and about 22 inches;

a power supply securable inside the case, the power supply having a capacity between 23,000 mAh and 32,000 mAh;

a router device securable inside the case, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable a wireless network for local area network communication, the wireless network able to accommodate up to 32 simultaneous users; and

an antenna array in electrical communication with the router device, the antenna array including a plurality of isolated antenna elements all enclosed within an antenna housing, the antenna housing secured within the case, the plurality of antenna elements including at least a first pair of cellular antenna elements and at least two wireless networking antenna elements, each cellular antenna element receiving between 2.8 and 5.1 W of power from the power supply;

wherein the first pair of cellular antenna elements are configured to support multiple input multiple output applications for the at least one cellular

gateway, and the at least two wireless networking antenna elements are configured to support multiple input multiple output applications for the two or more segmented, wireless networks, and

wherein the power supply, router device, and antenna array are all enclosed within the case when the base and the lid are in a closed position.

*Id*.

15. A data communications apparatus for providing a data communications network, the apparatus comprising:

a brief case style portable carrying case having a base and a lid, as well as an external length, width, and depth, the length having the largest dimension, the length being between about 16 inches and about 22 inches;

a power supply securable inside the case;

a router device securable inside the case, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable a wireless network for local area network communication, the wireless network able to accommodate up to 32 simultaneous users; and

an antenna array in electrical communication with the router device, the antenna array including a plurality of isolated antenna elements all enclosed within an antenna housing, the antenna housing secured within the case, the plurality of antenna elements including at least a first pair of cellular antenna elements and at least two wireless networking antenna elements, the first pair of cellular antenna elements being operable to transmit and receive cellular signal across distances of 30 miles or more;

wherein the first pair of cellular antenna elements are configured to support multiple input multiple output applications for the at least one cellular gateway, and the at least two wireless networking antenna elements are configured to support multiple input multiple output applications for the two or more segmented, wireless networks; and

wherein the power supply, router device, and antenna array are all enclosed within the case when the base and the lid are in a closed position.

*Id*.

## The '545 Patent

28. On May 12, 2020, the United States Patent and Trademark Office duly and legally issued the '545 Patent, entitled "Data Communications Case," which names Dawson Lee Williams as the inventor. A true and correct copy of the '545 Patent is attached as Exhibit 4.

29. The '545 Patent is valid and enforceable.

30. The '545 Patent claims, among other things:

> 1. A data communications apparatus comprising:
>
> > a brief case style portable carrying case having a length, width, and a depth, the length having the largest dimension;
> >
> > a power supply securable inside the case;
> >
> > a router device securable inside the case, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable at least one wireless network for local area network communication, the at least one wireless network having a service set identifier (SSID), wherein the SSID can accommodate multiple users; and
> >
> > an antenna array in electrical communication with the router device, the antenna array including at least a first pair of cellular antennas and at least one wireless networking antenna;
> >
> > wherein the first pair of cellular antennas are configured to support multiple input multiple output applications for the at least one cellular gateway.

See Ex. 4, Col. 14, lines 24–42.

> 16. A data communications apparatus for providing a data communications network, the apparatus comprising:
>
> > a brief case style portable carrying case having a base and a lid, as well as a length, width, and a depth, the length having the largest dimension;
> >
> > a power supply securable inside the case;
> >
> > a router device securable inside the case, the router device selectively receiving power from the power supply, the router device including at least one cellular gateway for wide area network communication as well as being configured to enable two or more segmented, wireless networks for local

area network communication, each wireless network having a separate service set identifier (SSID), wherein each SSID can accommodate multiple users; and

an antenna array in electrical communication with the router device, the antenna array including at least two cellular antennas and at least one wireless networking antenna;

wherein the first pair of cellular antennas are configured to support multiple input multiple output applications for the at least one cellular gateway.

*Id.* at Col. 16, lines 13–34.

**Plum Labs' Practice of the '124 Patent, '714 Patent, '938 Patent, and '545 Patent**

31. Plum Labs is the assignee of the entire right, title, and interest in the Asserted Patents.

32. Plum Labs designs, develops, manufactures, and sells data communications cases that embody the inventions claimed in the Asserted Patents ("Plum Case").

33. The Plum Case, and various versions of the Plum Case which embody the Asserted Patents, are available for sale throughout the United States, Including through Plum Labs' website at https://plumcases.com/products. A true and correct copy of Plum Labs' website at https://plumcases.com/products is attached as Exhibit 5.

34. Plum Labs marks its cases to direct the public to its Intellectual Property webpage on its website, https://plumcases.com/ip, where Plum Labs outlines and provides notice of its proprietary intellectual property. A true and correct copy of Plum Labs' Intellectual Property page on its website, https://plumcases.com/ip is attached as Exhibit 6.

**RCN's Infringing Activities**

35. Upon information and belief, RCN was aware of the Plum Cases and the Asserted Patents before it began to develop its Infringing Products (detailed below).

36. On information and belief, RCN has infringed and continues to infringe the Asserted Patents by making, using, selling, and offering for sale its Pop-up Network Kits (PNKs) (the "Infringing Products") in the United States, which embody or use the inventions claimed in the Asserted Patents.

37. On information and belief, RCN copied the design of the Infringing Products from the designs of the Asserted Patents.

38. The Infringing Products are data communication devices comprising a portable carrying case, a power supply, a router device, and an antenna and having other features recited in at least claim 1 of the '124 Patent, claims 1 and 16 of the '714 patent, claims 1, 12, and 15 of the '938 patent, and claims 1 and 16 of the '545 Patent.

39. RCN's Infringing Products are offered for sale throughout the United States, at least through its website at https://rcntechnologies.com/pnk/. A true and correct copy of RCN Technologies' website at https://rcntechnologies.com/pnk/ is attached as Exhibit 7.

40. RCN also offers its Infringing Products for sale through RTech's website which includes the Infringing Products on its website, https://getrtech.com/pop-up-network-kit-mark-iii-temporary-lte-network/, as part of a broader product offering. A true and correct copy of Rtech's website https://getrtech.com/pop-up-network-kit-mark-iii-temporary-lte-network/ is attached as Exhibit 8.

41. RCN has been and is infringing the Asserted Patents by making, using, selling, and offering for sale in the United States, including within this judicial district, data communication devices.

42. Upon information and belief, RCN has been and is inducing infringement of the Asserted Patents by its authorized dealers and/or resellers to use, sell, or offer for sale the Infringing Products, which embody or use the inventions claimed in the Asserted Patents.

43. Further, RCN specifically intended its authorized dealers to infringe the Asserted Patents, and RCN knew that its authorized dealers' sale and offers for sale constituted infringement.

44. On information and belief, RCN has known of the existence of the Asserted Patents, and its acts of infringement have been willful and in disregard for the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

**Plum Labs' Notice to RCN**

45. On October 4, 2023, counsel for Plum Labs sent to RCN a letter giving official notice to RCN that the Infringing Products infringed the Asserted Patents. A true and correct copy of this letter[1] is attached as Exhibit 9.

46. As of the date of filing this complaint, counsel for Plum Labs has not received any response from RCN.

47. Upon information and belief, RCN continues to make, use, sell, and offer for sale the Infringing Products.

**COUNT I:
INFRINGEMENT OF THE 10,003,124 PATENT**

48. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

---

[1] Exhibit A to this letter, which consists solely of copies of the Asserted Patents, is omitted from Exhibit 9 because those same documents have already been included as Exhibits 1–4 and would be entirely duplicative.

49. RCN, through its marketing, distribution, offers for sale, and sales of the Infringing Products, directly and literally infringes at least claim 1 of the '124 Patent, in violation of 35 U.S.C. § 271(a).

50. On information and belief, RCN has been and is inducing infringement of the '124 Patent by actively and knowingly inducing others to use, sell, and/or offer for sale the Infringing Product, which embodies or uses the invention claimed in the '124 Patent in violation of 35 U.S.C. § 271(b).

51. RCN's activities have been without express or implied license by Plaintiff.

52. RCN knew of the '124 Patent, knew that the Infringing Products infringe the '124 Patent, and intended that its affiliates, manufacturers, and retailers would make, sell, offer to sell, distribute, and/or use those products in violation of the '124 Patent.

53. RCN's infringement of the '124 Patent has been and continues to be deliberate, willful, and egregious.

54. As a result of RCN's acts of infringement of the '124 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

55. Plaintiff has been and continues to be damaged and irreparably harmed by RCN's infringement of the '124 Patent and will continue to be harmed unless the infringing acts are permanently enjoined by the Court pursuant to 35 U.S.C. § 283.

56. As a result, Plaintiff seeks an order from the Court enjoining RCN from its continued infringement of the '124 Patent.

57. RCN's infringement and/or continuing infringement of the '124 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

## COUNT II:
## INFRINGEMENT OF THE 10,381,714 PATENT

58. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

59. RCN, through its marketing, distribution, offers for sale, and sales of the Infringing Products, directly and literally infringes at least claims 1 and 16 of the '714 Patent, in violation of 35 U.S.C. § 271(a).

60. On information and belief, RCN has been and is inducing infringement of the '714 Patent by actively and knowingly inducing others to use, sell, and/or offer for sale the Infringing Product, which embodies or uses the invention claimed in the '714 Patent in violation of 35 U.S.C. § 271(b).

61. RCN's activities have been without express or implied license by Plaintiff.

62. RCN knew of the '714 Patent, knew that the Infringing Products infringe the '714 Patent, and intended that its affiliates, manufacturers, and retailers would make, sell, offer to sell, distribute, and/or use those products in violation of the '714 Patent.

63. RCN's infringement of the '714 Patent has been and continues to be deliberate, willful, and egregious.

64. As a result of RCN's acts of infringement of the '714 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

65. Plaintiff has been and continues to be damaged and irreparably harmed by RCN's infringement of the '714 Patent and will continue to be harmed unless the infringing acts are permanently enjoined by the Court pursuant to 35 U.S.C. § 283.

66. As a result, Plaintiff seeks an order from the Court enjoining RCN from its continued infringement of the '714 Patent.

67. RCN's infringement and/or continuing infringement of the '714 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

## COUNT III: <br> INFRINGEMENT OF THE 10,249,938 PATENT

68. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

69. RCN, through its marketing, distribution, offers for sale, and sales of the Infringing Products, directly and literally infringes at least claims 1, 12, and 15 of the '938 Patent, in violation of 35 U.S.C. § 271(a).

70. On information and belief, RCN has been and is inducing infringement of the '938 Patent by actively and knowingly inducing others to use, sell, and/or offer for sale the Infringing Product, which embodies or uses the invention claimed in the '938 Patent in violation of 35 U.S.C. § 271(b).

71. RCN's activities have been without express or implied license by Plaintiff.

72. RCN knew of the '938 Patent, knew that the Infringing Products infringe the '938 Patent, and intended that its affiliates, manufacturers, and retailers would make, sell, offer to sell, distribute, and/or use those products in violation of the '938 Patent.

73. RCN's infringement of the '938 Patent has been and continues to be deliberate, willful, and egregious.

74. As a result of RCN's acts of infringement of the '938 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

75. Plaintiff has been and continues to be damaged and irreparably harmed by RCN's infringement of the '938 Patent and will continue to be harmed unless the infringing acts are permanently enjoined by the Court pursuant to 35 U.S.C. § 283.

76. As a result, Plaintiff seeks an order from the Court enjoining RCN from its continued infringement of the '938 Patent.

77. RCN's infringement and/or continuing infringement of the '938 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

## COUNT IV:
## INFRINGEMENT OF THE 10,651,545 PATENT

78. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

79. RCN, through its marketing, distribution, offers for sale, and sales of the Infringing Products, directly and literally infringes at least claims 1, and 16 of the '545 Patent, in violation of 35 U.S.C. § 271(a).

80. On information and belief, RCN has been and is inducing infringement of the '545 Patent by actively and knowingly inducing others to use, sell, and/or offer for sale the Infringing Product, which embodies or uses the invention claimed in the '545 Patent in violation of 35 U.S.C. § 271(b).

81. RCN's activities have been without express or implied license by Plaintiff.

82. RCN knew of the '545 Patent, knew that the Infringing Products infringe the '545 Patent, and intended that its affiliates, manufacturers, and retailers would make, sell, offer to sell, distribute, and/or use those products in violation of the '545 Patent.

83. RCN's infringement of the '545 Patent has been and continues to be deliberate, willful, and egregious.

84. As a result of RCN's acts of infringement of the '545 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

85. Plaintiff has been and continues to be damaged and irreparably harmed by RCN's infringement of the '545 Patent and will continue to be harmed unless the infringing acts are permanently enjoined by the Court pursuant to 35 U.S.C. § 283.

86. As a result, Plaintiff seeks an order from the Court enjoining RCN from its continued infringement of the '545 Patent.

87. RCN's infringement and/or continuing infringement of the '545 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285.

## JURY DEMAND

88. Plaintiff makes a jury demand consistent with Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter:

A. A preliminary and permanent injunction that prohibits Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them, from further infringement of the Asserted Patents;

B. Judgment finding that Defendants have actively infringed and induced infringement of the '124 Patent under 35 U.S.C. § 271(a), (b); the '714 Patent under 35 U.S.C. § 271(a), (b); the '938 Patent under 35 U.S.C. § 271(a), (b); and the '545 Patent under 35 U.S.C. § 271(a), (b);

C. Judgment in favor of Plaintiff against Defendants, jointly and severally, for compensatory, exemplary, treble, and punitive damages, as appropriate;

D. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patents, together with pre- and post-judgment interest;

E. An award of increased damages sustained as a result of Defendants' willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

F. Judgment against Defendants that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiff of reasonable attorneys' fees and costs; and,

G. Any such further relief as this Court deems just and proper.

Dated this 8th day of November 2023.

Respectfully submitted,

*/s/ Claire Fox Hodge*
Claire Fox Hodge (TN BPR #037560)
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-3511
Facsimile: (615) 252-4714
cmfoxhodge@bradley.com

*Attorney for Plum Laboratories, Inc.*